## Case No. 10,587.

### ORR v. BADGER.

[1 Brun. Col. Cas. 536; [1] 7 Law Rep. 465; 12 Hunt, Mer. Mag. 177.]

Circuit Court, D. Massachusetts. Oct. Term, 1844.

INJUNCTION—GRANTING AND DISSOLUTION OF—INFRINGEMENT OF PATENT—TEMPORARY INJUNCTION—WHEN GRANTED—VERDICT IN SUIT AT LAW—GROUND FOR INJUNCTION.

1. The granting or dissolving of an injunction before a hearing, in the case of an alleged infringement of a patent, depends on the sound discretion of the court.

2. Where a party has enjoyed the benefit of his patent for a number of years, by the sale of licenses to use his invention, without his right being disputed, it is good ground for granting him an injunction till the hearing against any one who infringes, although the originality of his invention may be questioned, and even made to appear doubtful, by the affidavits for the defendant.

———

1 [Reported by Albert Brunner, Esq., and here reprinted by permission.]

3. If a patentee has obtained a verdict in a suit at law against a person infringing his patent, it is sufficient ground for granting him an injunction till the hearing against another person infringing.

[Cited in Woodworth v. Hall, Case No. 18,-016.]

This was a bill in equity, brought to restrain the defendant, a stove-maker in Boston, from making air-tight stoves, for which a patent had been granted to the late Isaac Orr. The suit was brought before Dr. Orr's death, and an injunction was granted at the commencement of the suit, after the usual notice to the defendant, he making no opposition. After Orr's death the suit was revived by the administratrix on his estate, his widow [Matilda K. Orr], and the defendant having filed his answer, in which he denied the originality of Orr's invention, and alleged that the same sort of stoves had been made by a number of persons, whom he named, before Orr's patent issued moved to dissolve the injunction. The motion was heard before Sprague, J., and a considerable number of affidavits were read on both sides. The material facts which appeared by the evidence in the case were as follows: January 20, 1836, Dr. Orr took out his original patent for the air-tight stove [re-issued November 12, 1842, No. 48], and for a number of years after he received considerable sums on account of his right, which was not disputed. In the year 1841 he brought a suit against William C. Hunneman & Sons, for violating his patent. At the trial of this case, at the October term, 1842, Judge Story considered the specifications so defective in form that he would not sustain the action. Orr immediately surrendered his patent, filed an amended specification, and took out a new patent. He then brought a new suit against Hunneman & Sons for a new infringement. Before this suit came to trial Hunneman & Sons agreed to give Orr judgment for five dollars damages and costs, and a verdict was taken for that sum, and judgment entered accordingly. Hunneman & Sons subsequently paid the amount of the judgment. The plaintiff produced a number of affidavits of stove dealers and others to show that they regarded Orr's invention as new, and that they were in circumstances in which they must have known if any such stove had been in common use previously. The defendant, on the other hand, produced a number of affidavits of persons, who swore that they had made and seen stoves precisely like Orr's many years before his patent was issued; but most of them did not allege that they had seen or made any such stoves within thirteen years, or until Orr's patent was issued. Some of the defendant's witnesses, however, swore there was no difference between Orr's stoves and the common sheet-iron stoves, but admit-

ted that Orr had taught the best way of using these stoves. The case occupied three days in the hearing.

Fletcher & Sewall, for plaintiff.
Bartlett & Whiting, for defendant.

SPRAGUE, District Judge. This is a motion to dissolve an injunction regularly granted in the case. The case presented by the plaintiff is one of irreparable mischief; for though the remedy at law against persons infringing on a patent is in theory perfect, yet in practice it is not adequate. If the injunction be dissolved, other dealers will manufacture without license; and if the patent be good, the plaintiff will have no sufficient remedy. The continuance or dissolution of an injunction is entirely within the sound discretion of the court. If the court consider the right of the patentee doubtful, it is not simply on that ground required to dissolve the injunction. Other circumstances must be considered.

The evidence to support the plaintiff's right are: (1) The issuing of the patent. (2) The quiet enjoyment under it for several years. (3) The judgment at law against Hunneman & Sons. (4) The affidavits of persons qualified to know, who regard the invention as new. It is to be observed that the defendant's answer does not deny the plaintiff's right of the defendant's own personal knowledge. The case, therefore, falls within the principle laid down in Poor v. Carlton [Case No. 11,272]. In regard to the evidence to be derived from the letters patent. Formerly patents were issued as a matter of course to all who applied. Now, no patent is issued without an examination of skillful persons into the specification and the subject of the claim. Under these circumstances the issuing of the letters patent affords more evidence of the originality of the invention than where they were only supported by the oath of the patentee. Besides this, Dr. Orr was in quiet enjoyment of the benefit of his invention for several years under the original patent, and received considerable sums of money. This is prima facie evidence of the right. If the public submit to his claim for a reasonable time, it raises a presumption of right. This presumption is not changed in consequence of the original patent being surrendered on account of its informality. The original patent was not void. It was efficacious for some purposes. It preserved the right of the patentee, which would have been lost had he permitted his stoves to be made without taking out his patent. The patentee was not a wrong-doer, as has been suggested by defendant's counsel, in the claim he made. The evidence of the right afforded by the acquiescense of the public is just as great as if the first specification had been formal.

It is contended by the defendant's coun-sel that the verdict and judgment in the case against Hunneman being between other parties can have no effect on him, and that no injunctions issue in England in consequence of such a judgment. But in Kay v. Marshall, 1 Mylne & C. 373, an injunction was granted in favor of a patentee on the strength of a verdict against other parties alleged in the bill, and the submission of various persons to the patentee. What I have stated presents a strong case for the plaintiffs. It is true there are strong affidavits on behalf of the defendant to show that the invention was not new; stronger in some points of view than those for the plaintiff. For while the testimony for the defendant is affirmative as to facts within the personal knowledge of his witnesses, that for the plaintiff is merely negative that his witnesses never saw or heard of such stoves before the patent was issued, evidence which is perfectly consistent with that of the witnesses on the other side that they had seen such stoves at an earlier period.

Some remarks, however, occur in regard to the defendant's affidavits. They may be divided into two classes. The first class which speak of having made or seen stoves exactly like Orr's, say that it is from thirteen to twenty years since they saw or made them. Now, as Orr's claim is for a combination of particulars, it seems not unlikely that here is a defect of memory in supposing they had seen all the particulars combined together in one stove so long ago, when in fact they were all to be found only separately in several. It certainly seems highly improbable that if such stoves had ever been in use they would have gone entirely out of use, as is supposed they did before Dr. Orr's patent revived them. And though it is said by the defendant's witnesses that Dr. Orr only taught the mode of using the stoves, yet it certainly is a matter of surprise if the stoves were made exactly like this, the mode of using them should never have occurred to anybody.

Another class of very respectable witnesses for the defendant think these stoves have been in common use for fifty years. Yet it seems highly improbable that a patent should have been applied for in regard to a stove already in common use; that it should have been suffered to pass by the examiners; that it should have been acquiesced in by the public; and that a verdict and judgment should have been permitted by the defendants, who had a real controversy with the patentee. One other circumstance is worthy of remark. No stove like Orr's, made before his patent, has been produced. If such exist they might be found. One witness has stated that he saw such a one at Bangor. If it had been produced it would have been far more satisfactory to the court.

The only effect of the defendant's affi-

davits is to render the final success of the plaintiff doubtful. But, as already said, that alone is not sufficient to dissolve the injunction, under the circumstances which exist, to sustain the plaintiff's right, quiet possession for a reasonable period, a judgment in his favor, and the irreparable injury which he would suffer by such a course.

The injunction therefore ought not to be dissolved.

NOTE. Injunction for Infringement of Patent. Where a person has long enjoyed undisputed right to an invention, he is on that ground entitled to an injunction, till the hearing, against one who infringes such patent. See Orr v. Littlefield [Case No. 10,590]; Woodworth v. Hall [Id. 18,016], citing above case. [For other cases involving this patent, see Cases Nos. 10,590 and 10,591.]